**KASHA K. POLLREISZ**
California State Bar No. 204148
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467, Ext. 3727
Facsimile: (619) 687-2666
Kasha_Pollreisz@fd.org

Attorneys for Mr. Frayle-Lizarraga

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>FELICIANO FRAYLE-LIZARRAGA,<br><br>  Defendant. | CASE NO. 08CR2126-MJL<br><br>DATE:  July 21, 2008<br>TIME:  2:00 p.m.<br><br>NOTICE OF MOTIONS AND MOTIONS:<br><br>(1) TO COMPEL DISCOVERY/PRESERVE EVIDENCE;<br>(2) TO PRESERVE AND RE-WEIGH NARCOTIC EVIDENCE; AND<br>(3) GRANT LEAVE TO FILE FURTHER MOTIONS |

**TO: KAREN P. HEWITT, ACTING UNITED STATES ATTORNEY, AND SHERRI HOBSON, ASSISTANT UNITED STATES ATTORNEY:**

PLEASE TAKE NOTICE that on July 21, 2008, at 2:00 p.m. or as soon thereafter as counsel may be heard, the defendant, Feliciano Frayle-Lizarraga, by and through his counsel, Kasha K. Pollreisz and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

//

## MOTIONS

The defendant, Feliciano Frayle-Lizarraga, by and through his attorneys, Kasha K. Pollreisz and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order:

    1) to compel discovery/preserve evidence;
    2) to preserve and re-weigh narcotic evidence; and
    3) for leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

/s/ *Kasha K. Pollreisz*

Dated: July 7, 2008

**KASHA K. POLLREISZ**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Frayle-Lizarraga
Kasha_Pollreisz@fd.org

**KASHA K. POLLREISZ**
California State Bar No. 204148
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467, Ext. 3737
Facsimile: (619) 687-2666
Kasha_Pollreisz@fd.org

Attorneys for Mr. Frayle-Lizarraga

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE M JAMES LORENZ**)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR2126-MJL |
| Plaintiff, | |
| v. | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| FELICIANO FRAYLE-LIZARRAGA, | |
| Defendant. | |

## I.

## STATEMENT OF FACTS[1]

On June 13, 2008, Mr. Frayle-Lizarraga entered the United States from Mexico at the Calexico Port of Entry. Mr. Frayle-Lizarraga was the driver of a 1985 Peterbilt tractor hauling a trailer. The primary officer did not recognize Mr. Frayle-Lizarraga as a commercial truck driver. The primary officer referred Mr. Frayle-Lizarraga to secondary inspection for further examination.

At secondary inspection the tractor-trailer was x-rayed and showed unusual results so it was sent to the enforcement docks. At the enforcement docks a narcotics detector dog alerted to the

---

[1] This statement of facts is based on the probable cause statement provided by the government attached to the complaint. Mr. Frayle-Lizarraga does not admit their accuracy and reserves the right to challenge them at a later time.

08CR2126-MJL

1  trailer. A subsequent inspection of the vehicle revealed 735 packages inside the trailer. The
2  substance inside the packages field tested positive for marijuana. The weight of the packages was
3  6587.68 kilograms.

4  Mr. Frayle-Lizarraga was allegedly read his Miranda warnings, which he waived.
5  Mr. Frayle-Lizarraga stated that he received the trailer in Mexicali, Mexico at about 1830 hours
6  from a coworker at the IMEX Transport yard and left immediately for the United States. Mr. Frayle-
7  Lizarraga stated that he was going to deliver the trailer to R.L. Jones at 1778 Zinetta Road in
8  Calexico, California. Mr. Frayle-Lizarraga said that if R.L. Jones was not open he would have
9  parked the trailer on the street next to the building. Mr. Frayle-Lizarraga said that his company
10 would send someone out the next day to deliver the trailer to R.L. Jones to be unloaded.

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

13 At this time Mr. Frayle-Lizarraga has received **zero pages** of discovery. Mr. Frayle-
14 Lizarraga requests the following discovery. His request is not limited to those items that the
15 prosecutor knows of. It includes all discovery listed below that is in the custody, control, care, or
16 knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan,
17 868 F.2d 1032 (9th Cir. 1989).

18 (1) Brady Material. The defendant requests all documents, statements, agents' reports, and
19 tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility
20 of the government's case. Under Brady, impeachment as well as exculpatory evidence falls within
21 the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985);
22 United States v. Agurs, 427 U.S. 97 (1976).

23 (2) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar
24 acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would
25 be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon
26 request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of
27 the general nature" of any evidence the government proposes to introduce under Fed. R. Evid.
28

1  404(b) at trial. The defendant requests such notice two weeks before trial in order to give the
2  defense time adequately to investigate and prepare for trial.

3  (3) <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of
4  any search. Fed. R. Crim. P. 16(a)(1)(E). He wishes to inspect the evidence before trial.
5  **Specifically, the defense requests the opportunity to inspect the tractor-trailer, seized in this**
6  **case. In addition, the defense wishes to inspect the 6587.68 kilograms of marijuana allegedly**
7  **found in the seized vehicle.** <u>See</u> Section III, below. **A preservation order is attached below for**
8  **this Court's signature.**

9  (4) <u>Request for Preservation of Evidence</u>. The defendant specifically requests the
10 preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the
11 possession, custody, or care of the government and which relate to the arrest or the events leading
12 to the arrest in this case. This request includes, but is not limited to, any samples of narcotics used
13 to run any scientific tests, any narcotics, the results of any fingerprint analysis, the vehicle which
14 the defendant drove, the defendant's personal effects, and any evidence seized from the defendant
15 or any third party.

16 In addition, Mr. Frayle-Lizarraga specifically requests that the Assistant United States
17 Attorney assigned to this case oversee a review of all personnel files of each agent involved in the
18 present case for impeachment material. <u>Kyles v. Whitley</u>, 115 S. Ct. 1555 (1995); <u>United States v.</u>
19 <u>Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>but see</u> <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir.
20 1996).

21 (5) <u>Tangible Objects</u>. The defendant seeks to inspect and copy as well as test, if necessary,
22 all other documents and tangible objects, including photographs, books, papers, documents, alleged
23 narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the
24 defense or intended for use in the government's case-in-chief or were obtained from or belong to the
25 defendant. Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr. Frayle-Lizarraga requests color copies
26 of all photographs in the government's possession of the alleged narcotics and the vehicle in which
27 the narcotics were found. It is defense counsel's experience that black-and-white copies do not
28

1 accurately depict the photographs retained by the government. **A preservation order is attached
2 below for this Court to sign.**

3     (6) <u>Expert Witnesses</u>.  The defendant requests the name, qualifications, and a written
4 summary of the testimony of any person that the government intends to call as an expert witness
5 during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).   This request includes, but is not limited to,
6 disclosure of the qualifications of any government witness who will testify that he understands
7 and/or speaks Spanish or any other foreign language that may have been used during the course of
8 an interview with Mr. Frayle-Lizarraga or any other witness.

9     (7) <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any
10 prospective government witness is biased or prejudiced against the defendant, or has a motive to
11 falsify or distort his testimony.

12     (8) <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective
13 government witness has engaged in any criminal act, whether or not resulting in a conviction, and
14 whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609
15 and 613; <u>Brady v. Maryland</u>.

16     (9) <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant
17 requests any evidence that any prospective witness is under investigation by federal, state or local
18 authorities for any criminal conduct.

19     (10) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.
20 The defense requests any evidence, including any medical or psychiatric report or evaluation, that
21 tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the
22 truth is impaired, and any evidence that a witness has ever used narcotics or other controlled
23 substance, or has ever been an alcoholic.

24     (11) <u>Witness Addresses</u>. The defendant requests the name and last known address of each
25 prospective government witness.  The defendant also requests the name and last known address of
26 every witness to the crime or crimes charged (or any of the overt acts committed in furtherance
27 thereof) who will <u>not</u> be called as a government witness.

28

1    (12) <u>Name of Witnesses Favorable to the Defendant</u>.  The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant.

(13) <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(14) <u>Jencks Act Material</u>.  Mr. Frayle-Lizarraga requests production in advance of the motion hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u> <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an agent reviews notes with the subject of the interview); <u>see also</u> <u>United States v. Riley</u>, 189 F.3d 802, 806-808 (9th Cir. 1999).  Advance production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Frayle-Lizarraga to investigate the Jencks material.  Mr. Frayle-Lizarraga requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

(15) <u>Giglio Information</u>.  Under <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(16) <u>Scientific and Other Information</u>.  To the extent not already provided, the defendant requests the results of any scientific or other tests or examinations, including testing done on the alleged marijuana.  <u>See</u> Rule 16(a)(1)(F).

(17) <u>Informants and Cooperating Witnesses</u>.  The defense requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the charged crime.  <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957).  The government must disclose any information derived from informants which exculpates or tends to

1  exculpate the defendant. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose
2  any information indicating bias on the part of any informant or cooperating witness. Id.

3      (18) Personnel Records of Government Officers Involved in the Arrest. Mr. Frayle-
4  Lizarraga specifically requests all citizen complaints and other related internal affairs documents
5  involving any of the Customs officers or other law enforcement officers who were involved in the
6  investigation, arrest and interrogation of his, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531,
7  539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able
8  to procure them from any other source.

9      (19) Government Examination of Law Enforcement Personnel Files. The defendant requests
10 that the Government examine the personnel files and any other files within its custody, care or
11 control, or which could be obtained by the government, for all testifying witnesses, including
12 testifying officers. He requests that these files be reviewed by the Government attorney for evidence
13 of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any
14 information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29
15 (9th Cir. 1991). Only the prosecutor has the legal knowledge and ethical obligations to fully comply
16 with this request.

17     (20) Training of Border Patrol and DEA Agents. The defendant requests copies of any and
18 all written policies and/or training manuals issued by the Department of Homeland Security to their
19 employees regarding: (1) the handling of vehicles suspected to be transporting illegal contraband
20 near the border; (2) the detention of individuals within those vehicles suspected of carrying
21 contraband; and (3) the search of those vehicles and the occupants of those vehicles.

22     (21) DEA 7 Form. Mr. Frayle-Lizarraga requests a copy of the DEA 7 form that should
23 indicate the alleged weight and purity of the contraband in this case.

24     (22) TECS Reports. Mr. Frayle-Lizarraga requests all TECS reports, including reports
25 pertaining to all vehicle border crossings pertaining to the vehicle used in this case and any vehicles
26 pertaining to Mr. Frayle-Lizarraga. Any prior border crossings are considered "other acts" evidence
27 which the government must produce before trial. Vega, 188 F.3d at 1154. Furthermore, Mr. Frayle-
28

1  Lizarraga puts the government on notice that prior border crossings may tend to exculpate
2  Mr. Frayle-Lizarraga, making evidence of these crossings discoverable under <u>Brady</u>, 373 U.S. 83.
3      (23) <u>Narcotics Detector Dog Information.</u>  Mr. Frayle-Lizarraga moves for production of
4  all discoverable information about any Narcotics Detector Dogs (NDDs) used in this case, including
5  information regarding: (a) the qualifications of the NDDs and their handlers, (b) the training and
6  experience of the NDDs and their handlers, (c) the government's procedures regarding the treatment,
7  training and rewarding of the NDDs, (d) a detailed description of the exact method the NDDs in this
8  case used to indicate an "alert" to contraband, and (e) the location of the NDD and the vehicle when
9  the NDD alerted, and (f) the NDD's reliability.

10     (24) <u>Residual Request</u>.  Mr. Frayle-Lizarraga intends by this discovery motion to invoke his
11 rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and
12 the Constitution and laws of the United States.  Mr. Frayle-Lizarraga requests that the government
13 provide him with the above requested material sufficiently in advance of trial to avoid unnecessary
14 delay prior to cross-examination.

15     Mr. Frayle-Lizarraga requests that the government provide him and his attorney with the
16 above requested material well in advance of motions hearings and trial.  This lead time is necessary
17 in order for defense counsel to effectively investigate this case and assist Mr. Frayle-Lizarraga in
18 preparing his defense.

### III.

### MOTION TO PRESERVE AND RE-WEIGH NARCOTIC EVIDENCE

21     Mr. Frayle-Lizarraga requests an order for the U.S. Government and its agents to preserve
22 the narcotic evidence in this case and permit the defense to re-weigh any narcotic evidence.  For the
23 Court's convenience, a proposed order is attached to these motions.

### IV.

### LEAVE TO FILE FURTHER MOTIONS

26     Mr. Frayle-Lizarraga and defense counsel have received **zero pages** of discovery in this case.
27 As new information surfaces – via discovery provided by government, defense investigation, or an
28

order of this Court – the defense may need to file further motions, or to supplement existing motions. For this reason, defense counsel requests leave to file further motions.

## V.

## **CONCLUSION**

For the reasons stated, Mr. Frayle-Lizarraga requests that this Court grant his motions.

Respectfully Submitted,

/s/ *Kasha K. Pollreisz*

Dated: July 7, 2008

**KASHA K. POLLREISZ**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Frayle-Lizarraga
Kasha_Pollreisz@fd.org

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | Case No. 08CR2126-L |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| FELICIANO FRAYLE-LIZARRAGA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Counsel for Defendant certifies that the foregoing pleading, is true and accurate to the best of his information and belief, and that a copy of the foregoing Defendant's Notice of Motions and Motions has been electronically served this day upon:

> Sherri Hobson, Assistant United States Attorney
> 880 Front Street
> San Diego, CA 92101

Dated: July 7, 2008                           /s/ Kasha K. Pollreisz
                                              KASHA K. POLLREISZ
                                              Federal Defenders
                                              225 Broadway, Suite 900
                                              San Diego, CA 92101-5030
                                              (619) 234-8467 (tel)
                                              (619) 687-2666 (fax)
                                              kasha_pollreisz@fd.org