1  KAREN P. HEWITT
   United States Attorney
2  SHERRI WALKER HOBSON
   Assistant U.S. Attorney
3  California State Bar No.  142947
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  sherri.hobson@usdoj.gov

6
   Attorneys for Plaintiff
7  United States of America

8                  UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,        )     Crim Case No. 08CR2126L
                                     )
11           Plaintiff,              )     DATE: July 24, 2008
                                     )     TIME:  2 p.m.
12      v.                           )
                                     )     GOVERNMENT'S RESPONSE
13                                   )     AND OPPOSITION TO DEFENDANT'S
                                     )     MOTION FOR DISCOVERY
14  FELICIANO SANTANA                )
        FRAYLE LIZARRAGA (1)         )
15                                   )
             Defendants.             )
16  _____ )

17       COMES  NOW the plaintiff, UNITED STATES OF AMERICA, by and through its

18  counsel, Karen P. Hewitt, United States Attorney, and Sherri Walker Hobson, Assistant United

19  States Attorney, and hereby files its response and opposition to defendant's motion.

20                                   I

21                         STATEMENT OF FACTS

22  A.     INTRODUCTION

23       On June 13, 2008, at 7:37 p.m., defendant drove his tractor-trailer into the United States

24  the East Calexico Commercial Port of Entry, in Calexico, California.  The Port closes at 8 p.m.

25  Defendant, who had possession and control of his tractor-trailer for an hour and one-half before he

26  entered the Port, was previously directed by his employer to drop the trailer at RL Jones in

27  Calexico, California by 7:30 p.m, but the defendant only entered the Mexican customs at 7:32 p.m.

28  Defendant was a new truck driver for the transportation company, having worked by contract for

1  only three weeks, and did not have a reliable history with the company or his trucking references

2  were not verifiable.

3  Defendant's trailer contained approximately 735 packages (approximately 150 boxes) that

4  were stacked on top of the legitimate cargo (3M plastics) from AMS Plastics of Mexico.  The

5  legitimate cargo were wrapped and placed neatly on pallets in the front portion of the trailer, while

6  the heavy marijuana boxes appeared to be thrown into the back portion of the trailer.  The gamma

7  ray printout shows that the marijuana boxes were scattered and were clearly not neatly stacked or

8  organized.  In fact, one of the inspectors, who opened the trailer, found many marijuana boxes at

9  the door to the trailer. There was approximately 14,000 pounds of marijuana inside these boxes,

10  valued at 4.5 million dollars. .

11  Defendant made a post-arrest statement, denying knowledge of the marijuana.

12  **III**

13  **POINTS AND AUTHORITIES**

14  **A.  DEFENDANT'S MOTION TO COMPEL FURTHER DISCOVERY**

15  Defendant, through counsel, was arraigned on the indictment on June 26, 2008, after

16  refusing to waive time. At arraignment in El Centro, the matter was scheduled for a short-set

17  motion hearing on July 21, 2008 (over  three weeks after his arraignment.) To date, the

18  Government has provided over 100 pages of discovery.  Because of the nature of the case,,

19  additional discovery will be provided to defense counsel as Government counsel receives them

20  from the agent (i.e. additional reports, photographs, videos, etc).  Because this investigation is also

21  ongoing, and involves witnesses and documents on both sides of the border, the Government will

22  continue to provide discovery to the defense as it conducts its investigation.

23  As such, the Government will continue to recognize its obligations under Brady v.

24  Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules

25  of Criminal Procedures.  Defendant's  additional discovery requests are addressed below.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.    The Government Will Comply With Its Obligation Under Brady v. Maryland

The Government is well aware of and will fully perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment.  The defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to him, or which pertains to the credibility of the Government's case.  As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision;  it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

611 F.2d at 774-775.  See also, United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the Government not required to create exculpatory material that does not exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure).

### 2.    Rule 404(b) Evidence

The Government does not intend to introduce any prior acts at this time because defendant has no prior arrests (involving narcotics in the United States) and does not have any convictions. The Government does not believe that the evidence that will be introduced at trial will constitute 404(b) evidence, however, if the Government becomes aware of any 404(b) evidence, it will provide notice of its intent to use such evidence approximately one month before trial, or as soon as the Government learns about any 404(b) evidence, whichever is later.   (The investigation is ongoing and the Government may discovery additional evidence prior to trial).

### 3.    Evidence Seized And Request For Preservation of Evidence

The Government does not object to any court order preserving the tractor-trailer and the marijuana.  However, the Government requests a time period for the defense to view these items (i.e. 45 days).  Defense also request to results of fingerprint analysis, but the Government is not aware of any.

1    Defendant also seeks evidence seized from the defendant or "any third party."  The

2  Government objects to the "third party" request.  Defendant was alone in the tractor and did not

3  have any "third party" present.  Defendant is the only person arrested to day.   Furthermore, such

4  request for "third party" seized evidence is a very broad and unusual request.

5    **4.    Defendant's Statements To Law Enforcement Agents**

6    While the Government has provided a summary of defendant' statement, the prosecutor will

7  provide the video of the taped-interview upon receipt by the prosecutor.

8    **5.    Videotape of the Loading of Legitimate Cargo (3M Plastics)**

9    The Government recently received a disc of the loading of the 3M boxes at AMS Plastics

10  (provided by the company), and will provide a copy of that disc to the defense.

11    **6.    Colored Photographs**

12    The Government has provided colored-photographs taken by agents on the night of

13  defendant's arrest.  However, there are additional photographs that were taken for trial purposes

14  that will be provided to the defense in color.

15    **7.    Expert Witnesses**

16    The Government intends to call the DEA Chemist (who analyzed the marijuana), an expert

17  in the trucking business expert (who is familiar with the paperwork and documents required by

18  Mexican and U.S. Port CBP Officers), and an evaluation export (who will testify about the value

19  of the marijuana and structuring evidence).  Depending on the date of the trial, the Government will

20  provide notice approximately one month before trial, or as soon as the Government identifies such

21  experts, whichever is later.

22    **8.    Disclosure of Cooperating Witnesses or Informants**

23    Defendant was not directed for further inspection because of an informant tip or a tip by a

24  cooperating witness or source.

25  //

26

27

28    Page 4 of  9

**1**

**9.**     **The Disclosure of Statements Prior
To The Witness Testifying on Direct
Examination At Trial**

**2**

**3**          Production of witness statements is governed by the Jencks Act (18 U.S.C. § 3500) and

**4**     need occur only after the witness testifies on direct examination.  United States v. Taylor, 802 F.2d

**5**     1108, 1118 (9th Cir. 1986), cert. denied, 479 U.S. 1094 (1986); United States v. Mills, 641 F.2d

**6**     785, 790 (9th Cir.), cert. denied, 454 U.S. 902 (1981).  Indeed, even material believed to be

**7**     exculpatory and therefore subject to disclosure under the Brady doctrine, if contained in a witness

**8**     statement subject to the Jencks Act, need not be revealed until such time as the witness statement

**9**     is disclosed under the Act.  See United States v. Bernard, 623, F.2d 551, 556-57 (9th Cir. 1979).

**10**          Further, the Government reserves the right to withhold the statements of any particular

**11**     witnesses it deems necessary until after they testify. . As noted by the Government earlier, this is

**12**     an ongoing investigation and witnesses continue to be interviewed by the investigating agents.  The

**13**     agents have not yet prepared reports on some prior interviews. There are future interviews

**14**     scheduled with witnesses, too. Additionally, there will be further interviews and investigation to

**15**     be conducted.

**16**          **10.**     **Production of Agent's Handwritten Notes**

**17**          While the Government has disclosed handwritten notes of the defendant's post-arrest

**18**     interview, the Government objects to defendant's blanket request for production of rough notes (i.e.

**19**     investigator's notes) of agents that may exist of other witnesses.  Prior production of these notes

**20**     is not necessary because they are not "statements" within the meaning of the Jencks Act unless they

**21**     comprise both a substantially verbatim narrative of a witness' assertions and they have been

**22**     approved or adopted by the witness.  United States v. Spencer, 618 F.2d 605, 606-607 (9th Cir.

**23**     1980); see also, United States v. Griffin, 659 F.2d 932, 936-938 (9th Cir. 1981), cert. denied,

**24**     456 U.S. 949 (1982).

**25**          Moreover, in addition to the applicable case law, Rule 16(a)(2) of the Federal Rules of

**26**     Criminal Procedure specifically exempts from disclosure the work product of the Government.

**27**

**28**

1  The Government considers the rough notes of its agents to be work product and as such these notes

2  are not subject to discovery.

3      The Government will, however, request its agents to preserve their rough notes in the event

4  that an appropriate showing of materiality is made at a later date.  Although the Government will

5  request its agents to preserve their handwritten notes or "rough" notes in the event materiality is

6  shown, it objects to defendant's requests for full production for immediate examination and

7  inspection.

8          **11.    Prior Wrongful Conduct Of Government Witnesses**

9      The Government will provide the criminal convictions and prior <u>material</u> acts of

10  misconduct, if any exist, of its trial witnesses as mandated in <u>Giglio v. United States</u>, <u>supra</u>, 405

11  U.S. 150 (1972).  The Government will provide such impeachment material, if any, at the time it

12  files its trial memorandum although it is not required to produce such material until <u>after</u> its

13  witnesses have testified at trial or at a hearing.  <u>See</u> <u>United States v. Bernard</u>, 623 F.2d 551, 556

14  (9th Cir. 1979).

15          **12.    Motives Of Government Witnesses**

16      The Government agrees to provide information related to the bias, prejudice or other

17  motivation of government trial witnesses as mandated in <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

18  The Government will provide such impeachment material, if any, approximately one month prior

19  to trial. At this time, the Government is unaware that prospective witnesses are biased or prejudiced

20  against the defendant, or has a motive to falsify or distort their testimony.

21          **13.    Ability to Perceive; Any Drug or Alcohol**
             **Use by Government Witness**

22
23      At this time, the Government is not aware of any evidence that any Government witness'

24  ability to perceive is impaired by the use of controlled substance or alcohol.

          **14.    Witness List**

25
      There is no requirement for the Government to supply defendants in a non-capital case with

26
  a list of the witnesses it expects to call at trial. <u>United States v. Dischner</u>, 974 F.2d 1502 (9th Cir.

27

28              Page 6 of  9

**1** 1992)("we have consistently held that in noncapital cases, the government does not need to disclose

**2** the names of its witnesses prior to trial"); United States v. Thompson, 493 F.2d 305, 309 (9th Cir.

**3** 1974), cert. denied, 419 U.S. 835 (1974); United States v. Glass, 421 F.2d 832, 833 (9th Cir. 1969).

**4** However, the Government will provide a tentative list of the witnesses it expects to call at trial

**5** when it files its trial memorandum, approximately five days before trial.

**6**      Defendant has cited no case law authority for his proposition that the Government must

**7** provide known addresses of Government witnesses or witnesses that the Government does not call

**8** at trial.  Therefore, the Government objects to this broad and vague request.

**9**             **15.    Henthorn Review**

**10**      The Government will conduct a "Henthorn" review of the testifying federal officers in this

**11** case, pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  The Government objects

**12** to defendant's additional request that the prosecutor personally review these files and additionally

**13** have the prosecutor review the files of every agent involved  in the case for impeachment purposes

**14** who is not testifying at trial.

**15**          **16.    Training Materials, Policy Materials**

**16**      The defense requests training of "Border Patrol" and "DEA Agents, " however this case is

**17** a commercial port case.  There are no Border Patrol agents involved in this case – CBP officers

**18** work the ports of entry, not Border Patrol agents.  Border Patrol agents work between the ports of

**19** entry.  In addition, ICE Agents work the ports and respond to port narcotic seizures, not DEA

**20** agents.

**21**      In addition, the Government objects to defendant's blanket request for training manuals or

**22** police statements of CBP or ICE.  Defendant has not established how they are relevant, why they

**23** are relevant, why they are necessary, why the Government should disclose internal policy and

**24** training manuals, and how these items are discoverable.  Defendant cites no cases to support his

**25** position that these items are discoverable or how they are relevant to this tractor-trailer case.

**26**

**27**

**28**

**17.    TECS Reports Have Been Provided**

The Government has already provided the TEC reports of the tractor and trailer, in case they are considered "other acts evidence."

**18.    Narcotics Dog Discovery**

The Government objects to defendant's request for "dog discovery" because it is simply not relevant on a commercial port case.  Defendant has not cited any case law authority to support his position and has not demonstrated in any way how or why this discovery if relevant, applicable, or necessary.

**19.    Residual Discovery**

The Government does not understand defendant's motion for residual discovery.  The Government does not oppose any additional motions filed by the defense to clarify his request.

**B.    DEFENDANT MAY FILE FURTHER MOTIONS**

The Government does not oppose defendant's filing further motions in this case, especially where the investigation is ongoing.

**C.    THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED**

**1.    Rule 16(b)**

Defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motions for discovery. Further, the Government will voluntarily comply with the requirements of Federal Rule of Criminal Procedure 16(a).  Therefore, Rule 16(b) should presently be determined to be operable as to the defendant.

The Government, pursuant to Rule 16(b), hereby requests the defendant to permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which they intend to introduce as evidence in their case-in-chief at trial. The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in

1    connection with this case, which are in the possession or control of the defendant, which he intend

2    to introduce as evidence-in-chief at the trial or which were prepared by a witness whom the

3    defendant intend to call as a witness.  The Government also requests that the court make such

4    orders as it deems necessary under Rule 16(d)(l) and (2) to insure that the Government receives the

5    discovery to which it is entitled.

6    ## 2.    Rule 26.2

7    Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all

8    witnesses, except the defendant..  The new rule thus provides for the reciprocal production of

9    Jencks statements.  The time frame established by the rule requires the statement to be provided

10    after the witness has testified, as in the Jencks Act.  Therefore, the Government hereby requests that

11    the defendant be ordered to supply all prior statements of defense witnesses *two business days*

12    before trial.  This order should include any form these statements are memorialized in, including

13    but not limited to, tape recordings, handwritten or typed notes and/or reports.

14    ### III

15    ### CONCLUSION

16    For the foregoing reasons, the Government respectfully requests that defendant's motions,

17    except where not opposed, be denied and that the Government's motion for reciprocal discovery

18    be granted.

19    DATED:   July 14, 2008.

20    Respectfully submitted,

21    KAREN P. HEWITT
United States Attorney

22

23    **S/Sherri Walker Hobson**
SHERRI WALKER HOBSON
Assistant U.S. Attorney

24    **sherri.hobson@usdoj.gov**

25

26

27

28    Page 9 of  9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR02126L |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF |
| | ) | SERVICE |
| v. | ) | |
| | ) | |
| FELICIANO FRAYLE-LIZARRAGA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED that:

I, Sherri Hobson, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. I have caused service of RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.    KASHA K. POLLREISZ, ESQ.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 14, 2008.

s/ SHERRI WALKER HOBSON
**SHERRI WALKER HOBSON